UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WILLIAM NGABIRANO, <br><br>          Petitioner, <br><br> v. <br><br> WARDEN TIM WENGLER, <br><br>          Respondent. | Case No. 1:11-cv-00450-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion for Summary Dismissal. (Dkt. 10.) Other preliminary motions are also pending.[1]

The Court finds that oral argument is not necessary to resolve this matter, and for the reasons to follow, the Court will conditionally grant Respondent's Motion, but no claims will be dismissed until the parties have had an opportunity to submit supplemental briefing on cause and prejudice issues, in accordance with the instructions to follow in this Memorandum Decision.

---

[1] Respondent's motions for extension of time and to file an oversize brief are granted, and the Reply is deemed properly filed. Petitioner's motion for an extension of time to file an "addendum" is denied, but Petitioner will be given another opportunity to brief the cause and prejudice issues.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner pled guilty in Idaho state court to three counts of lewd conduct with a child under the age of 16 and to one count of possessing sexually exploitative material. (State's Lodging A-1, pp. 77-82; State's Lodging A-2, p. 1.) As part of a plea agreement, the State dismissed several additional counts involving different children. (*Id.*) The district court sentenced Petitioner to life in prison without the possibility of parole on each lewd conduct count and to 10 years fixed for possession of sexually exploitative material. (State's Lodging A-1, pp. 98-100.) On direct appeal, Petitioner argued only that his sentences were excessive under state law, but the Idaho Court of Appeals affirmed the judgment of the lower court, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-3, B-6, B-9.)

Petitioner next filed an application for post-conviction relief in state district court, raising numerous claims, including claims of ineffective assistance of trial counsel, each with several sub-parts. (State's Lodging C-2.) The district court appointed an attorney for Petitioner, but other than enter an appearance and file a motion to unseal the presentence investigation report, counsel did nothing to move the case forward, and it sat idle for almost two years. (State's Lodging C-1.) Eventually, the State filed a motion for summary dismissal, to which Petitioner's counsel did not respond. (*Id.*) At the hearing on the State's motion, counsel agreed with the district court's characterization that he chose not to "contest what's in the brief filed by the State as far as the legal and factual evidence." (State's Lodging C-8, p. 6.) After the court granted the State's motion and ordered the

**MEMORANDUM DECISION AND ORDER - 2**

case dismissed, counsel informed the court that "the reason we didn't file a response was I – we concluded that under Rule 11 we would not really have anything to say. I think Rule 11 prohibits us from making arguments that are without legal merit." (*Id*.) No appeal was filed from the district court's decision. (State's Lodging C-1.)

Petitioner next filed his Petition for Writ of Habeas Corpus in this Court, alleging a wide array of federal claims arising out of the state criminal process, including: (1) a violation of his right to consular access after his arrest, as a foreign national, under the Vienna Convention on Consular Relations; (2) a violation of the Eighth Amendment's prohibition on excessive bail, which allegedly resulted in Petitioner not being able to retain counsel of his choice; (3) a biased judge; (4) prosecutorial misconduct; (5) ineffective assistance of trial counsel under a variety of theories, including, but not limited to counsel's failure to investigate and argue (a) search and seizure issues, (b) issues related to Petitioner's confession, and (c) Petitioner's inability to access the law library in the county jail; (7) an involuntary guilty plea; (8) cruel and unusual punishment under the Eighth Amendment; and (9) ineffective assistance of counsel on direct appeal. (Attachment to Petition, Dkt. 1-1, pp. 1-26.)

Chief United States Magistrate Judge Candy W. Dale conducted an initial review of the Petition and ordered the Clerk of Court to serve it on Respondent. (Dkt. 5.) Respondent has now filed a Motion for Summary Dismissal, arguing that Petitioner failed to properly exhaust his claims in the state courts, and because it is now too late to do so, the claims must be dismissed as procedurally defaulted. (Dkt. 10.) Petitioner has filed a

**MEMORANDUM DECISION AND ORDER - 3**

Response (Dkt. 16), Respondent has submitted a Reply (Dkt. 21), and the case has been reassigned to the undersigned United States District Judge because not all parties have consented to a magistrate judge exercising jurisdiction. (Dkt. 25.)

As explained below, the Court agrees that all of Petitioner's claims are procedurally defaulted, but the Court will reserve its final ruling as to whether those claims must be dismissed on that ground until the parties have had a chance to submit additional briefing on whether "cause and prejudice" excuses the default.

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error, at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). The petitioner must clearly alert the state court to the federal constitutional provision that supports her claim, or she must rely

**MEMORANDUM DECISION AND ORDER - 4**

on state or federal cases that apply the constitutional rule. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's firmly established procedural rules, the claim is said to have been "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman,* 501 U.S. at 750. To show "cause," the petitioner must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

Petitioner does not dispute that he failed to present any of his current federal claims to the Idaho Supreme Court. (Dkt. 16, p. 2.) Given this concession, the Court can easily conclude that no claims were exhausted in the Idaho Supreme Court and that they are now procedurally defaulted.

The resolution of Respondent's Motion turns instead on whether Petitioner can establish cause and prejudice to excuse the default of his claims. In attempting to do so, Petitioner contends that his post-conviction counsel "completely and utterly abandoned" him in the state court proceeding in which his claims could have been developed. (Dkt. 16, p. 1.) He relies on the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), arguing that ineffective assistance of post-conviction counsel is the cause that excuses the default of his claims.

Before *Martinez*, the Supreme Court had long held that a criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default," though counsel's errors that rise to an independent constitutional violation may serve as cause. *Murray*, 477 U.S. at 486.

More specifically, in *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), the Supreme Court found that because it had never held that there is a constitutional right to counsel in post-conviction matters, a claim of ineffective assistance of post-conviction

counsel cannot excuse the petitioner's failure to raise a claim properly in state court. The Court left for another day the question of whether a limited exception may exist when a post-conviction proceeding represents the first opportunity under state law for a convicted state defendant to litigate claims of ineffective assistance of trial counsel. *Id*. at 755. But the Ninth Circuit and other circuits later determined that such an exception does not exist. *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996); *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996).

Twenty years later, the Supreme Court recognized "a narrow exception" that ineffective assistance of post-conviction counsel – while not stating a constitutional claim itself – can be a sufficient equitable reason, or a "cause," to excuse defaulted claims of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1315. In setting out the rule, however, the Court described two potential restrictions. First, the state post-conviction proceeding must represent the initial opportunity under state law for a defendant to raise claims of ineffective assistance of trial counsel (it must be an "initial-review collateral proceeding" for those claims). *Id*. at 1317. Second, "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id*. at 1319.

In this case, Petitioner seeks refuge in the safe harbor created by *Martinez*. Respondent counters that the *Martinez* has no applicability to non-capital cases in Idaho.

**MEMORANDUM DECISION AND ORDER - 7**

This is so, according to Respondent, because while Idaho law may strongly encourage a convicted non-capital defendant to wait until the post-conviction proceeding to raise claims of ineffective assistance of trial counsel, it does not *require* that course of action. (Dkt. 21, p. 6.) In other words, Respondent suggests that it is possible to raise such claims on direct appeal, when counsel is provided, taking Idaho out reach of *Martinez*. (*Id.*)

In making this argument, Respondent acknowledges that Judge Lodge has previously concluded that *Martinez* applies in non-capital Idaho cases "where the post-conviction setting is the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside of the record could have brought and developed in an evidentiary hearing." *Horonzy v. Smith*, 1:11-cv-00235-EJL (Dkt. 25, pp. 11-12.) Respondent has also alerted this Court to a case that is currently pending before the United States Supreme Court, *Trevino v. Thaler*, Case No. 11-10189, *cert granted at* 133 S.Ct. 524 (2012), which may clarify *Martinez*'s reach into states that discourage but do not prohibit defendants from raising ineffective assistance of counsel claims on direct appeal. *Trevino* has been orally argued and a decision should be released before July. www.supremecourt.gov /oral_arguments. Given that *Trevino* may inform or even be dispositive of Respondent's argument regarding *Martinez*'s application to non-capital cases in Idaho, the Court finds that it would be prudent to await the Supreme Court's decision before ruling on the cause and prejudice issue presented in this case.[2]

---

[2] In reaching this conclusion, the Court is not persuaded by Respondent's argument that a "*Martinez* claim" to excuse a procedural default must be independently exhausted in the state courts. The Supreme Court did not announce a constitutional right to counsel in a state post-conviction proceeding,

**MEMORANDUM DECISION AND ORDER - 8**

However, *Martinez* only addresses defaulted claims of ineffective assistance of trial counsel, and Petitioner has raised numerous other constitutional claims in his Petition. Even if the *Martinez* rule applies, it would not save these additional claims from dismissal. But another case decided by the Supreme Court in the same term might have some bearing on all claims. In *Maples v. Thomas*, 132 S.Ct. 912 (2012), the Supreme Court held that "abandonment" by a post-conviction attorney severs the principal-agent relationship and can be an "extraordinary circumstance" beyond the petitioner's control that provides an equitable reason to excuse a procedural default. *Id*. at 924.

Though Petitioner, who is proceeding pro se, has not cited *Maples*, he does allege that his post-conviction counsel "completely and utterly abandoned" him when counsel failed to offer any argument in Petitioner's favor, acquiesced in the district court's granting of the State's motion to dismiss, and did not file a notice of appeal. (Dkt. 16, pp. 1-2.) The Court expresses no opinion on this issue other than to note that the existing state court record shows very minimal involvement by post-conviction counsel and no obvious advocacy on Petitioner's behalf. Accordingly, the Court also invites the parties to address the relevance of *Maples* to the facts and circumstances in this case.

For these reasons, the Court concludes that Petitioner's habeas corpus claims are procedurally defaulted and subject to summary dismissal. Respondent's Motion for

---

only an equitable right to seek relief from a procedural default in a federal habeas matter. Post-*Martinez*, neither Idaho nor any other state has an obligation under the Constitution to provide counsel in post-conviction actions or to offer a remedy if post-conviction counsel is ineffective. There is no requirement that a habeas petitioner exhaust his argument – or "claim" – for cause.

**MEMORANDUM DECISION AND ORDER - 9**

Summary Dismissal will be granted conditionally, and the Petition will be dismissed unless Petitioner is able to demonstrate cause and prejudice in accordance with the schedule to follow.

## ORDER

**IT IS ORDERED:**

1.    Respondent's [Second] Motion for Extension of Time (Dkt. 18) is GRANTED.

2.    Respondent's [First] Motion for Extension of Time (Dkt. 17) is DEEMED MOOT.

3.    Respondent's Motion to File Oversize Brief (Dkt. 20) is GRANTED.

4.    Petitioner's Motion for Extension of Time (Dkt. 21) is DENIED without prejudice. Petitioner will have an opportunity to file a supplemental brief.

5.    Respondent's Motion for Summary Dismissal (Dkt. 10) is CONDITIONALLY GRANTED. No later than 30 days after the Supreme Court releases an opinion in *Trevino v. Thaler*, Case No. 11-10189, *cert granted at* 133 S.Ct. 524 (2012), Petitioner may file a supplemental brief, together with a "Motion to Proceed with Habeas Petition," addressing the cause and prejudice issues raised herein. At his option, Petitioner may submit affidavits or other evidence to support of his motion to proceed.

//

//

**MEMORANDUM DECISION AND ORDER - 10**

Respondent shall file a response within 30 days of receiving Petitioner's

motion and brief, and Petitioner may file a reply within 21 days of receiving

a response.



DATED:  **March 19, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**